IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00400-CYC

SUMER SORENSEN-BAIN, and
SHANE BARBER,

      Plaintiffs,

v.

VEREO GROUP INC., a Utah Corporation,

      Defendant.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the Plaintiffs' Motion for Leave to File First Amended Complaint, ECF No. 49, which attaches the proposed First Amended Complaint as well as the exhibit required by D.C.COLO.LCivR 15.1, ECF Nos. 49-1 and 49-1. No response has been filed either by the named defendant or the individual the plaintiffs seek to add through amendment.

Under Federal Rule of Civil Procedure 15, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, no objection to amendment has been raised and the Court's independent analysis finds that amendment is warranted. This aligns with "the basic policy that pleadings should enable a claim to be heard on its merits." *Carr v. Hanley*, No. 09-cv-

1

01677-WYD-KLM, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)); *see also Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

First, amendment was not unduly delayed. Delay is undue "when the party filing the motion has no adequate explanation for the delay" or "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993). This is the plaintiffs' first request to amend. And it does not appear that the plaintiff is "making the complaint a moving target." *Jordan W. Cos. Ltd. v. Native Rank, Inc.*, No. 18-cv-02165-RM-NRN, 2019 WL 3936984, at *2 (D. Colo. Aug. 5, 2019). Instead, as the plaintiffs note, they learned of new information that led them to conclude that they had additional viable claims related to those asserted in their complaint. ECF No. 49 at 8.

Nor would amendment cause the defendant undue prejudice. Undue prejudice occurs when an amendment unfairly affects the opposing party "in terms of preparing their defense to the amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quotation marks omitted). This happens most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. Here, defendant Vereo Group, Inc. removed this case from state court, ECF No. 1; filed an answer and asserted counterclaims, ECF No. 10; sought to transfer the venue of this case, ECF No. 16; amended its answer and counterclaims, ECF No. 18; consented to the jurisdiction of this Court, ECF No. 23; and then its counsel withdrew and the entity did not obtain new counsel. ECF Nos. 31, 38, and 41. As a result, the Clerk of the Court entered default against it. ECF No. 42. A defendant who stopped participating in this case cannot be prejudiced by amendment when it has not engaged in any discovery or moved past answering the complaint.

2

Finally, as to futility, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). There is no argument before the Court that amendment is futile and, as Judge Ebel explained in *General Steel Domestic Sales, LLC v. Steelwise, LLC*, delving into a futility analysis at this early juncture "place[s] the cart before the horse." 2008 WL 2520423, at *4 (D. Colo. June 20, 2008). Accordingly, the Court need not engage in a futility analysis at this point.

Given the above, it is hereby ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint, ECF No. 49, is **GRANTED**. It is further ORDERED that the Clerk of the Court shall accept the First Amended Complaint, ECF No. 49-2, for filing and docket it as a separate document.

Filing an amended complaint renders moot a motion for default judgment against a party whose default was based on the original complaint. *Adolas, LLC v. Alexander Andrews & Assocs., LLC*, No. 19-cv-00881-DDD-MEH, 2019 WL 13195252, at *1–2 (D. Colo. Nov. 5, 2019) (denying as moot motion for default judgment and ordering the clerk to set aside the entry of default because an amended complaint was filed); *Marotta v. Cortez*, No. 08-cv-02421-CMA-CBS, 2008 WL 5044496, at *1 (D. Colo. Nov. 20, 2008) ("Mr. Marotta's Motion for Default may therefore be denied or stricken as moot on the grounds that it was rendered null by the filing of his Amended Complaint."); *see Warren v. Green Tree Servicing, LLC*, 663 F. App'x 703, 710 (10th Cir. 2016) (holding that the district court did not abuse its discretion in denying as moot a motion for default judgment and ordering the clerk to set aside an entry of default based on the initial complaint because an amended complaint had been filed).

Accordingly, it is further ORDERED that the Plaintiffs' Motion for Entry of Default Judgment Against Defendant Vereo Group, Inc., ECF No. 47, is **DENIED as moot,** and the

Clerk of the Court is directed to **SET ASIDE** the entry of default as to defendant Vereo Group, Inc., ECF No. 42. *Whitehorn v. McCann*, No. 24-cv-01105-SKC-STV, 2025 WL 90150, at *3 (D. Colo. Jan. 14, 2025) (setting aside "entries of default [that] were based on the earlier complaint which is no longer operative considering the Court has now granted Plaintiff leave to file an amended complaint").

Dated this 7th day of April, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge